I concur with the majority on assignments of error I, II, and IV through XII. I respectfully dissent from the majority on the denial of assignment III holding that Judge Michael J. Corrigan found Young to be a sexual predator by clear and convincing evidence.
Young was sentenced by the judge in November of 1989, after pleading guilty to one count each of attempted rape, attempted kidnapping and intimidation. On June 24, 1997, he was returned for a hearing pursuant to R.C. 2950.09(C). The transcript of that hearing indicates that the pre-sentence report was examined and the judge incorporated, by reference, the conversations that took place in 1989 between Young, his attorney, and the judge at the time of the plea and sentencing. He noticed the victim's age of 11 years, and Young's age, then 40 years, in addition to his attempt to persuade his victim and her mother to drop the rape allegations by attempting a kidnapping. The judge also mentioned that twenty-one years earlier, when Young was nineteen years old, he was "picked up" on a charge of the statutory rape of a fifteen-year-old female, and in 1974, at the age of 25, Young had been "picked up on a rape charge" which was "ultimately dismissed". The judge further stated:
 * * * And the Court has attempted to research juvenile involvement, and because of the age of these cases the Court is unable to resurrect any juvenile involvement, if you had any. I do not know if you had some or not. But I am unable to resurrect that.
The pre-sentence report revealed that Young had resided with the victim's mother for over six years. On June 7, 1989, at about 1:00 p.m., while the mother was asleep, Young, high on cocaine, ordered the victim to come to the kitchen, ordered her to remove her clothing and raped her. He warned her to keep quiet about what had taken place, but the child informed her mother, who then reported the incident to the police on June 8, 1989, once Young permitted her to leave the apartment.
On September 7, 1989, Young forced the victim's mother from her car and into his, drove her to his apartment, and, for about two hours, threatened to kill her and her daughter if she did not have the rape charge dismissed because it was their fault he was in this trouble. The mother reported this incident to the police five days later.
Young's prior offense record commences at age eighteen years with a charge of attempted burglary, for which he received five years probation, at age nineteen, on a charge of tampering with a motor vehicle, when he was sentenced to thirty days in the Summit County jail, and five months later sentenced to five days in the Cleveland House of Correction on a charge of auto theft. He joined the Army in 1969, but was convicted of transporting a stolen auto across state lines, was incarcerated in a Federal facility, paroled in 1972 and the case terminated in 1975.
The transcript from the 1989 sentencing hearing is pro forma and totally barren of any details regarding the circumstances surrounding the attempted sexual offense or attempted kidnapping. What little dialogue took place at the 1997 hearing supports Young's admission of responsibility, his remorse, his personal apology to the victim and her mother, his successful completion of many programs, and his purportedly exemplary conduct while incarcerated. After being found a sexual predator Young remarked:
 Upon whatever, when I am released, that this is the bill where they tell your neighbors and stuff, where people get to ridicule you?
The single sexual crime committed by Young, standing alone, simply cannot serve as a basis for a predator finding. Allegations or charges of earlier sexual offenses, particularly when remote in time, cannot shore up a conclusion without foundation.
The appellate record supports only three findings under R.C.2950.09(B)(2): the offender's age, subsection (a), his prior criminal record, subsection (b), and the victim's age, subsection (c). Reviewing the statute, it is apparent that: 1) his offense did not involve multiple victims; 2) he did not impair his victim with drugs or alcohol; 3) he suffers from no apparent mental illness or disability; 4) there did not appear to be any demonstrated pattern of abuse; and 5) he did not display cruelty or threaten cruelty to his victim. The judge seemingly imposed a "one strike and you're out" standard, instead of completing an evaluation to determine by clear and convincing evidence whether Young is likely to engage in the future in one or more sexually oriented offenses. The evidence is not sufficient to support such a finding.
I would affirm the third assignment of error and vacate the finding that Young is a sexual predator.